BARCELÓ, MARQUES & Co., S. EN C., demandante y apelada, v. R. SANCHO BONET, en su carácter de TESORERO DE PUERTO RICO, y FRANCISCO RAMÍREZ VEGA, en su carácter de TESO-RERO INTERINO DE PUERTO RICO y PEDRO PIQUER, Agente de Rentas Internas del Distrito de Arecibo, demandados y apelantes.

Núm. 7732.—*Sometido:* Abril 18, 1939. *Resuelto:* Julio 14, 1939.

---

* NOTA: Véase el prefacio.

*Hon. Procurador General B. Fernández García y P. Defendini, Subprocurador General Auxiliar,* abogados de los apelantes; *Dubón & Ochoteco,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

En un pleito de *injunction* Barceló, Marques & Co. obtuvo un auto preliminar ordenando a los querellados—si se pagaba una contribución sobre ciertos espíritus alcohólicos por medida antes de su remoción de un almacén de adeudo—que se abstuvieran de intervenir con tal remoción exigiendo el pago sobre cualquier cantidad en exceso de la revelada por dicha medida, a menos que la merma excediera de nueve galones prueba por cada envase de más de cuarenta galones.

Los artículos 9, 10 y 27 de la "Ley de Espíritus y Bebidas Alcohólicas" (Tercera Legislatura Extraordinaria de 1936, págs. 45, 61 y 69) leen así:

"Artículo 9.—El impuesto pesará sobre los espíritus destilados, espíritus y alcoholes tan pronto sean separados, en estado de pureza o impureza, mediante destilación u otro procedimiento de evaporación, de cualquier substancia, ya sea fermentada o no, aunque en cualquier momento subsiguiente fueren transformados en cualquier otra substancia, bien en el proceso original de destilación o evaporación o bien utilizando cualquier otro proceso subsiguiente.

"Artículo 10.—Los impuestos que por esta Ley se establecen y fijan serán pagados por el destilador de los espíritus ántes de que los mismos sean retirados de la destilería, excepto en aquellos casos en que el retiro de tales espíritus de la destilería, sin pagar los impuestos, esté autorizado por esta Ley. En aquellos casos en que el Tesorero lo autorizare, podrán ser retirados espíritus de una destilería para ser depositados en un almacén de adeudo o retirados de un almacén de adeudo sin pagar los impuestos, sujeto a las reglas que al efecto dictare el Tesorero. El impuesto sobre espíritus legalmente depositados en cualquier almacén de adeudo privado, o almacén de adeudo público, establecido de acuerdo con esta Ley, se pagará dentro de los cuatro años a contar desde la fecha en que tales espíritus fueren originalmente almacenados en los mismos, a menos que fueren

retirados antes de vencer dicho período, en cuyo caso el impuesto será pagado antes de su retiro.

"Artículo 27.—Al transcurrir cuatro años contados desde la fecha de haber sido depositados originalmente en un almacén de adeudo espíritus destilados, o en cualquier momento antes de dicha fecha en que dichos espíritus destilados hayan de ser retirados definitivamente del almacén de adeudo, de acuerdo con las disposiciones que al efecto prescribiere el Tesorero, a petición del dueño de dichos espíritus destilados, se volverá a aforar los mismos y si resultare haber habido alguna merma en la cual no hubiere intervenido culpa o negligencia del dueño de tales espíritus, se cobrarán impuestos por la cantidad resultante del aforo; *Disponiéndose,* sin embargo, que en ningún caso se concederá merma que exceda de 'un galón prueba' por cada envase que contenga no menos de cuarenta 'galones medida', en los primeros sesenta (60) días de haber sido almacenado el producto, ni excederá de nueve (9) 'galones prueba' por cada envase teniendo no menos de cuarenta 'galones medida' por un período de cuatro años."

El artículo 678 del Código de Enjuiciamiento Civil (edición de 1933) dispone que no podrá otorgarse un *injunction* "para impedir la imposición o cobro de cualquier contribución establecida por las leyes de los Estados Unidos o de Puerto Rico."

El Tesorero de Puerto Rico—en ejercicio de lo que él consideraba la discreción conferídale por el artículo 27, supra, y por otros artículos de la ley—incluyó en sus reglamentos una lista en que se especificaban como mermas aceptadas para barriles de una cantidad de cuarenta galones, las siguientes:

| | | |
|---|---|---|
| Hasta 2 meses | 1 | Gal. Prueba |
| Más de 2 meses hasta 4 meses | 2 | Gal. Prueba |
| Más de 4 meses hasta 6 meses | 2½ | Gal. Prueba |
| Más de 6 meses hasta 8 meses | 3 | Gal. Prueba |
| Más de 8 meses hasta 10 meses | 3½ | Gal. Prueba |
| Más de 10 meses hasta 12 meses | 4 | Gal. Prueba |
| Más de 12 meses hasta 15 meses | 4½ | Gal. Prueba |
| Más de 15 meses hasta 18 meses | 5 | Gal. Prueba |
| Más de 18 meses hasta 21 meses | 5½ | Gal. Prueba |
| Más de 21 meses hasta 24 meses | 6 | Gal. Prueba |
| Más de 24 meses hasta 27 meses | 6½ | Gal. Prueba |

Más de 27 meses hasta 30 meses_____ 7    Gal. Prueba
Más de 30 meses hasta 33 meses_____ 7½  Gal. Prueba
Más de 33 meses hasta 38 meses_____ 8    Gal. Prueba
Más de 38 meses hasta 43 meses_____ 8½  Gal. Prueba
Más de 43 meses hasta 48 meses_____ 9    Gal. Prueba

Por otra parte, el artículo 27, según fué interpretado por la apelada y por la corte de distrito, no concedería al Tesorero otra discreción ni alternativa que el aceptar del destilador—al tratarse de envases de cuarenta galones removidos de un almacén de adeudo en cualquier momento después de los sesenta días y dentro del período de cuatro años—el pago de la cantidad que la medida revelara, independientemente de la pérdida, ya fuere ésta grande o pequeña, por merma.

En apoyo de la sentencia la apelada insiste en que no se trata de un pleito para impedir el cobro de una contribución y en que, sea ello como fuere, el presente caso no cae dentro de la prohibición estatutaria.

La demandante obtuvo del Tesorero de Puerto Rico un permiso para retirar de su almacén de adeudo cuarenta pipas conteniendo más de cuarenta galones medida cada una de espíritus destilados. El agente de rentas internas a cargo del distrito donde había estado almacenado el alcohol por más de sesenta días y por menos de cuatro años— en respuesta a una comunicación dirigídale por la demandante —contestó que el retiro podía efectuarse tan sólo si se cumplía con la ley y los reglamentos que gobiernan la materia. Dijo que autorizaría el despacho si la demandante estaba dispuesta a pagar los impuestos por adelantado sobre las mermas en exceso que pudieran ocurrir, de acuerdo con las instrucciones del Tesorero de Puerto Rico. La demandante había ofrecido pagar los impuestos sobre la base de la cantidad de espíritus destilados que resultara del nuevo aforo que se hiciera al tiempo del retiro. El Tesorero se negó a aceptar una merma mayor que la especificada en la tabla establecida por sus reglamentos, aun cuando la cantidad

exacta que dichos barriles contengan como resultado del nuevo aforo resulte menor que aquélla.

El artículo 4 de la ley dispone que se impondrá, cobrará y pagará un impuesto de rentas internas sobre todo product, destilado, rectificado, producido, fabricado, importado o introducido en Puerto Rico que se tenga en depósito. De conformidad con el artículo 9 el impuesto pesará sobre los espíritus destilados y alcoholes tan pronto sean separados de cualquier substancia. Esta contribución deberá ser pagada por el destilador antes de retirar el espíritu de la destilería, a excepción de en ciertos casos especificados en el artículo 10. El artículo 27 meramente fija ciertas rebajas o concesiones por merma, que serán hechas al tiempo de efectuar el pago, luego de volver a aforar los mismos, al retirarse los espíritus destilados de un almacén de adeudo dentro del período de cuatro años.

El objeto del presente litigio es impedir el cobro de parte de la contribución fijada por el artículo 4.

Para los fines de esta opinión podría admitirse, sin resolverlo, que la interpretación dada por la apelada al artículo 27 es correcta. No podemos concurrir con el criterio de que el lenguaje de ese artículo es demasiado claro para que permita una interpretación. Si estamos correctos en nuestra conclusión de que ésta es una cuestión debatible, de ello se desprende, a nuestro juicio, que el proceder del Tesorero no fué arbitrario ni caprichoso ni sin color de autoridad. No importa cuán errónea su interpretación del artículo 27 pueda haber sido, a él no puede impedírsele mediante *injunction* que cobre la contribución, a menos que el rehusar conceder tal remedio, bajo las circunstancias del presente caso, resulte en una gran injusticia y ocasione daños irreparables a la demandante.

La demandante alegó que si no se expedía un *injunction* contra los demandados, ella sufriría daños considerables e irreparables, en una cantidad difícil de precisar, mucho

más cuando la demandante se proponía continuar retirando de su almacén de adeudo otros espíritus destilados, como única forma en que podría continuar operando y funcionando su industria o negocio de rectificación de espíritus destilados; y que su negocio sería destruído.

Los cuarenta barriles habían estado en el almacén de adeudo durante más de sesenta días. El período de cuatro años no había transcurrido. Fuera de esto nada había que demostrara cuánto tiempo habían permanecido en el almacén. Nada había que demostrara que la merma normal debida a absorción, filtración o evaporación o a otras causas naturales, excedería de las sumas especificadas en la tabla de mermas preparada por el Tesorero. Nada había que demostrara que la demandante hubiera sufrido alguna pérdida al pagar la contribución en la forma indicada por la referida tabla. La pérdida potencial era puramente especulativa e hipotética. Mucho menos había nada que demostrara que la posible pérdida en exceso de las mermas especificadas en la tabla del Tesorero sería substancial. No importa cuál hubiera sido la diferencia, el pago de la misma bajo protesta y la iniciación de un recurso para recobrar la suma así pagada, no habría sido una inmensa carga. Bajo las circunstancias, la mera aseveración de que si no se expedía un auto de *injunction* contra los demandados, el negocio de la demandante sería destruído, no es una alegación suficiente de daños irreparables.

Una alegación algo similar respecto a la inexistencia de un remedio adecuado en derecho resulta igualmente poco satisfactoria.

*La resolución apelada debe ser revocada y el caso devuelto para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Travieso no intervino.