Juan G. Rivera, demandante y apelante, *v.* Hon. Rexford G. Tugwell, Gobernador de Puerto Rico, et als., demandados y apelados.

Núm. 8487.—*Sometido:* Febrero 17, 1942. *Resuelto:* Marzo 4, 1942.

*Santos P. Amadeo, Virgilio Brunet, Rafael Baragaño, Jr. y José L. Novas,* abogados del apelante; *Hon. Procurador General George A. Malcolm, Pablo Defendini, Procurador General Auxiliar y A. E. Franco Cabrero, Subprocurador Auxiliar,* abogados de los apelados.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Esta es una apelación interpuesta contra un resolución de la corte inferior denegando un *injunction pendente lite* en un recurso de sentencia declaratoria al efecto de que la ley para prohibir el nepotismo (Ley núm. 32, Leyes de Puerto Rico de 1941) es inconstitucional al aplicarse al apelante como maestro de escuela.

██ En enero 30, 1942 concedimos un injunction para hacer efectiva nuestra jurisdicción apelativa en el presente caso. Ese injunction fué expedido sustancialmente en la forma que lo solicitó el apelante y que fué denegado en la resolución que está ahora en apelación. Al conceder el injunction resolvimos que el apelante "ha levantado una cuestión seria y sustancial en cuanto a la validez de una ley de la Legislatura de Puerto Rico en lo que a él se aplica . . . y . . . que él sufriría daños irreparables de no conservarse el statu quo por este tribunal mientras la apelación estuviera pendiente . . ." Nuestra decisión se basó en *Indiana ex rel. Anderson* v. *Brand,* 303 U. S. 95, y hallamos innecesario considerar en aquel entonces cualquiera de las otras cuestiones levantadas por el peticionario.

En su alegato en el caso ahora ante nos los funcionarios demandados, aquí apelados, sostienen que todo lo que el caso de *Brand* decide es que el gobierno puede reglamentar las condiciones bajo las cuales un ciudadano puede continuar como empleado del gobierno, siempre y cuando estas condiciones representen un ejercicio razonable del poder de policía. Ésta es una declaración correcta de lo que decide el caso de *Brand.* Pero, como señalamos en nuestra opinión de enero 30, 1942, al conceder el injunction para hacer efec-

tiva nuestra jurisdicción apelativa en el caso de autos, "Si el efecto de la aplicación de la Ley de Nepotismo a la situación del peticionario como maestro de escuela pública de acuerdo con su contrato escrito es la consecuencia del ejercicio del poder de policía con un fin público por medios que razonablemente se adapten a dicho fin, es el punto que tenemos que decidir, después de *haberse decidido por la corte de distrito la acción para obtener una sentencia declaratoria basada en los méritos y haberse llegado a conclusiones sobre los hechos y la ley.*" (Itálicas nuestras.)

Por tanto, el caso ante nosotros no es diferente a la situación con que nos confrontamos cuando se nos pidió que expidiéramos un injunction para hacer efectiva nuestra jurisdicción apelativa. En este caso, hasta tanto se hubiera radicado una contestación, se hubiera celebrado el juicio y se hubiera rendido una decisión, la corte inferior, bajo las circunstancias, debió haber expedido el injunction pendente lite. Al declarar sin lugar la moción solicitando tal injunction la corte inferior abusó de su discreción. *Muñoz v. Porto Rico Railway, Light & Power Co.,* 83 F. (2) 262, 268.

Ambas partes han argumentado elaboradamente el caso en sus méritos. Creemos apropiado conceder a la corte inferior una oportunidad para considerar estas cuestiones, así levantadas. Las consideraremos en detalle solamente si el caso viene ante nos por el curso ordinario y después de juzgado en sus méritos.

Resta sólo la contención de los funcionarios demandados, representados por los abogados del gobierno, de que la resolución denegando el injunction no es apelable. El gobierno no ha citado autoridades para sostener esa posición. La Corte de Circuito para el Primer Circuito ha decidido que una resolución similar era apelable, en la cual el propio gobierno interpuso la apelación (*Muñoz v. Porto Rico Railway, Light & Power Co.,* supra).

*Se revocará la resolución de la corte de distrito denegando el injunction pendente lite, y se dictará una nueva resolución ordenando a la corte de distrito que conceda un injunction pendente lite.*

El Juez Presidente Sr. Del Toro no intervino.