José Fernández Rodríguez, demandante y apelante, *v.* Hon. Rafael Buscaglia, Tesorero de Puerto Rico, demandado y apelado.

Núm. 8540.—*Sometido:* Mayo 20, 1942. *Resuelto:* Junio 18, 1942.

*E. Martínez Rivera,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *M. Rodríguez Ramos, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

José Fernández Rodríguez radicó en la corte de distrito una petición de *injunction* para impedir que el Tesorero de Puerto Rico le cobrase ciertas contribuciones sobre ingresos. Fernández apeló de una resolución denegando un injunction preliminar.

Fernández alega que en marzo de 1941, pagó su contribución sobre ingresos para 1940, ascendente a $139.93. Posteriormente se aprobaron las Leyes Núms. 31 y 159, Leyes de Puerto Rico (págs. 479 y 973). Estas leyes pretenden enmendar retroactivamente, desde 1 de enero de 1940, la Ley Núm. 74, Leyes de Puerto Rico, 1925 (pág. 401), conocida

como la Ley de Contribución Sobre Ingresos de 1924. Fernández alega que el 15 de enero de 1942 el Tesorero le requirió que pagara una suma adicional de $367.90 como contribución sobre ingresos para 1940. Alega que el Tesorero determinó esta suma (a) al negarse a reconocer como créditos deducibles en su planilla de contribución sobre ingresos de 1940 (1) la cantidad de $870.86 que representa beneficios de sociedades, y (2) la cantidad de $2,500 como exención personal; y (b) al calcular su contribución al tipo del 8 por ciento por ser el demandante un ciudadano extranjero residente. La posición del Tesorero, de acuerdo con la petición, es al efecto de que las leyes de 1941 disponen retroactivamente al 1 de enero de 1940, la eliminación de estos créditos, y una contribución del 8 por ciento sobre extranjeros residentes. Alega el peticionario que si él fuera un ciudano americano, se calcularía su contribución de acuerdo con las leyes de 1941 al tipo del 3 por ciento sobre los primeros $3,000 de su ingreso neto y del 5 por ciento sobre los siguientes $2,000.

La médula de la petición es que las leyes de 1941 son nulas en cuanto se aplican retroactivamente al ingreso recibido en 1940 y en cuanto exigen que un extranjero residente pague contribución sobre ingresos a un tipo mayor que un nacional residente.

■ Tenemos ante nuestra consideración solamente la negativa de la corte inferior a expedir un injunction preliminar. El artículo 678 del Código de Enjuiciamiento Civil, Ed. 1933, dispone que "No podrá otorgarse un injunction: . . . 7. Para impedir la imposición o cobro de cualquier contribución establecida por las leyes de los Estados Unidos o de Puerto Rico."

En vista de este estatuto, cuidadosamente hemos limitado el remedio de injunction a aquellos casos de los cuales aparece claramente no sólo que la contribución es ilegal, sino que también o (a) que el contribuyente carece de un reme-

dio adecuado en ley, *o* (*b*) que la contribución le ocasionaría daños irreparables, *o* (*c*) daría lugar a una multiplicidad de pleitos. *The Texas Co.* v. *Domenech,* 50 D.P.R. 432, 453; *E. Solé & Cía., S. en C.* v. *Sancho Bonet, Tesorero,* 53 D.P.R. 762, 773; *Plaza Provision Co., Inc.* v. *Benítez, Admor. de la Capital,* 51 D.P.R. 657; *Los Diablos etc.* v. *Sancho Bonet,* 54 D.P.R. 658; *Miller* v. *Nut Margarine Co.,* 284 U. S. 498; *Bailey* v. *George,* 259 U. S. 16; *Hill* v. *Wallace,* 259 U. S. 44, 62; *Enjoining the Assessment and Collection of Federal Taxes Despite Statutory Prohibition,* 49 Harv. L. R. 109.

Las únicas alegaciones que hace el peticionario para colocarse dentro de la regla establecida por los casos arriba citados son las siguientes:

"10.—Que si el demandado llevare a cabo sus amenazas de embargar bienes del demandante para hacer efectivo el montante de la supuesta contribución adicional determinada en la forma ilegal expuesta, al demandante se le privaría entonces de su propiedad sin el debido procedimiento de ley y en forma arbitriaria y se le causarían daños irreparables cuya cuantía estima el demandante en una suma mayor de $500.

"11.—Que con excepción del presente recurso de *injunction,* el demandante carece de otro remedio rápido y eficaz en ley para hacer valer sus derechos constitucionales aquí ahora reclamados, ya que si bien existe el Tribunal de Apelación de Contribuciones ante el cual podría recurrir en alzada el demandante, sin embargo, dicho Tribunal es meramente una junta administrativa con facultades cuasijudiciales, sin autoridad para resolver sobre los derechos constitucionales del demandante, y además el tal recurso de alzada resultaría académico por cuanto para valerse del mismo el demandante tendría previamente que garantizar al demandado el pago de la contribución adicional reclamada."

Como indicamos en *E. Solé & Cía., S. en C.* v. *Sancho, Tesorero,* supra, no es suficiente exponer meramente en la petición la conclusión de que el cobro de la contribución resultará en daños irreparables. Deben alegarse hechos específicos de los cuales la corte pueda concluir razonablemente que se pueden impedir daños irreparables solamente me-

diante el remedio de injunction. Evidentemente el peticionario no ha cumplido con este requisito en su alegación décima.

. ▇ La alegación que encontramos en otra parte de la petición de que el Tesorero amenaza hacer efectiva dicha cantidad mediante procedimiento de apremio con embargo y venta en pública subasta de bienes del peticionario, no es suficiente por sí misma para establecer un caso de daños irreparables. Aun cuando el peticionario hubiera alegado, por ejemplo, que el cobro de la contribución resultaría en la completa destrucción de su negocio, se le exigiría que lo estableciera detalladamente. "Bajo las circunstancias, la mera aseveración de que si no se expedía un auto de *injunction* contra los demandados, el negocio de la demandante sería destruído, no es una alegación suficiente de daños irreparables." *Barceló, Marques & Co.* v. *Sancho Bonet,* 55 D.P.R. 284, 289.

En contraste, aquí el peticionario sólo alega que estima que sus "daños irreparables" consistirían en "una suma mayor de $500." En el caso de *Solé,* en el cual las equidades a considerar eran mucho mayor que en el de autos, dijimos a la página 776 que "El cobro de los $872.52, más recargos y costas, no pudo haber causado daños irreparables."

▇ La alegación undécima establece dos argumentos. El primero es que el remedio en ley del peticionario no es adecuado porque el Tribunal de Apelación de Contribuciones carece de poder para decidir cuestiones constitucionales. Aparentemente el Tribunal Supremo de los Estados Unidos no ha resuelto definitivamente sobre si el *Board of Tax Appeals* del Gobierno Federal tiene facultad para ejercer tal poder. En el caso de *Commissioner of Internal Rev.* v. *Independent Life Ins. Co.,* 67 F. (2) 470 (revocado por otros fundamentos en 292 U. S. 371), la Corte de Circuito de Apelaciones para el Sexto Circuito dijo a la página 471: "La corte no tiene que determinar si el *Board of Tax Appeals*

estaba autorizado para considerar la constitucionalidad de estas leyes. Una decisión nuestra sobre esa cuestión no decidiría este caso.'' Sin embargo, el propio Board ha ejercitado tal poder. *Independent Life Insurance Co. of America* v. *Commissioner of Internal Revenue*, 17 B.T.A. 757; *Rita O'Shaughnessy, Executrix* v. *Commissioner of Internal Revenue*, 21 B.T.A. 1046; *West Town State Bank* v. *Commissioner of Internal Revenue*, 32 B.T.A. 531. En Paul and Mertens, *Law of Federal Income Taxation*, vol. 5, sección 43.16, página 132, se discute la cuestión como sigue:

"*Jurisdicción en cuanto a cuestiones constitucionales.*—La jurisdicción del Board para considerar cuestiones constitucionales, que una vez fué seriamente puesta en duda, parece que se ha establecido firmemente, aún cuando queda alguna duda. En la actualidad la actitud asumida por el Board es que debe surgir claramente la inconstitucionalidad de cualquier disposición de la ley contributiva, antes de que el Board, como parte de la rama ejecutiva del Gobierno, esté justificado en resolver que la misma no se debe poner en vigor. Si después de considerada, todavía existe una duda sustancial, debe seguirse la ley hasta que la duda quede disipada por la decisión de una corte.''

No creemos necesario determinar en este caso, por lo menos en su etapa actual, si el Tribunal de Apelación de Contribuciones tiene o no poder para resolver cuestiones constitucionales. Éstas serán decididas finalmente por este tribunal, tanto si el Tribunal de Apelación de Contribuciones deja de considerarlas como si dicho tribunal las considera y decide a favor o en contra del contribuyente. Presumiblemente, el Tribunal de Apelación de Contribuciones permitirá al contribuyente aducir cualesquiera hechos fundamentales necesarios para levantar estas cuestiones constitucionales. La cuestión de si el Tribunal de Apelación de Contribuciones tiene o no poder para decidir cuestiones constitucionales no afecta por tanto la suficiencia del remedio en el Tribunal de Apelación de Contribuciones. Ciertamente no es en sí suficiente para sancionar el que se recurra al remedio extraordinario

de injunction con el propósito de eludir el procedimiento establecido.

■ El segundo argumento de la alegación undécima es que el exigirle al contribuyente que "previamente . . . garantizar [garantice] . . . el pago de la contribución adicional" antes de que pueda recurrir al Tribunal de Apelación de Contribuciones, haría que el procedimiento ante dicho tribunal resultara académico. Nada encontramos sobre este punto en el alegato del peticionario. Aparentemente, la objeción es en cuanto al requisito de que el procedimiento ante el Tribunal de Apelación de Contribuciones sea acompañado por una fianza en casos adecuados. La contestación más concisa a este argumento es que aún en el presente caso el injunction preliminar, de concederse, sería condicionado a la prestación de una fianza para asegurar el cobro de la contribución adicional en caso de que predomine finalmente la contención del Tesorero.

■ Aunque no existe tal alegación en su petición, Fernández argumenta en su alegato que en este caso es necesario el remedio de injunction para evitar una multiplicidad de pleitos. Difícilmente puede alegarse que la disposición retroactiva del estatuto produce tal resultado. Sea válido o nulo el aumento retroactivo del tipo de la contribución sobre ingresos, ello da lugar a una reclamación por una suma estipulada aumentando la contribución por un año. Claramente esto se puede resolver en un pleito.

De igual manera carece de mérito el argumento de que el peticionario se vería obligado a iniciar una multiplicidad de pleitos toda vez que cada año tendría que entablar uno para recobrar el exceso que se le impondría como residente extranjero. Si este tribunal resolviera en un procedimiento adecuado que es nulo el imponerle una contribución al ingreso de extranjeros residentes a un tipo mayor que el de ciudadanos residentes, no podemos asumir que subsiguientemente el Tesorero no obstante insistiría en tratar de cobrar

cada año a los extranjeros residentes contribuciones sobre ingresos al tipo mayor. Dijimos en *Benítez* v. *Sancho Bonet,* 54 D.P.R. 751, 769, que "Si el pleito no se resolvía dentro del año económico, bastaría repetir el pago bajo protesta cuando la fecha llegara e iniciar el pleito que quedaría resuelto por la regla sentada en el primero. Ese no es el caso de multiplicidad a que la jurisprudencia se refiere."

■ Los artículos 41 y 43 del Título 8, U.S.C.A., citados por el peticionario, no son de aplicación en este caso. Estos estatutos protegen a los extranjeros en sus derechos civiles. Con ellos no se pretendió conceder a los extranjeros un remedio de procedimiento ante las cortes que ha sido válidamente negado a los ciudadanos del país.

■ Resta sólo la cuestión levantada por el peticionario en su alegato mediante la siguiente manifestación:

"Sostuvo la corte inferior en su resolución objeto de apelación que el demandante tiene a su alcance para revisar la actuación del Tesorero el recurso de apelación que autoriza la ley para ante el Tribunal de Apelación de Contribuciones creado por la Ley Núm. 172 de 1941 (pág. 1039). Sin embargo, respetuosamente sometemos que tal apelación no proporciona remedio alguno inmediato ni amplio al demandante. La ley de contribución sobre ingresos expresamente limita el recurso a la revisión de deficiencias determinadas por el Tesorero después de investigación, y aquí no se trata de una deficiencia así determinada; el remedio no puede ejercitarse libremente y sin trabas (Artículo 57, Ley Núm. 23 de 1941, Sesión Especial); . . ."

Esto equivale a alegar por primera vez que el peticionario carece de un remedio adecuado en ley. No hubo tal alegación en la petición y aparentemente el peticionario no argumentó esta cuestión ante la corte inferior. No existen en la petición alegaciones que nos permitan resolver esta cuestión ya que la misma no expresa el procedimiento empleado por el Tesorero para exigir el pago de las contribuciones adicionales. En su alegato el peticionario no desarrolla debidamente su argumento. Sólo afirma escuetamente que "La

ley de contribuciones sobre ingresos expresamente limita el recurso a la revisión de deficiencias determinadas por el Tesorero después de investigación, y aquí no se trata de una deficiencia así determinada; . . . ''. En vista de que el peticionario no sólo ha dejado de alegar el procedimiento seguido por el Tesorero al tratar de cobrar estas contribuciones, si que también no ha elaborado su argumento, la decisión de esta importante cuestión debe ser pospuesta. Para sostener su posición, el peticionario cita solamente la sección 6 de la Ley Núm. 23, Leyes de Puerto Rico, 1941 (pág. 73), Sesión Extraordinaria, que enmienda la ·sección 57 de la Ley Núm. 74, Leyes de Puerto Rico, 1925. Cuando la cuestión se suscite debidamente, tendremos que considerar también la sección 4 de la Ley Núm. 172, Leyes de Puerto Rico, 1941 (pág. 1039).

■ No debe entenderse que impidamos al peticionario suscitar de nuevo estas u otras cuestiones después que haya habido una contestación y un juicio en sus méritos. La controversia ante nos es limitada. Sólo resolvemos que la corte de distrito no abusó de su discreción al negarse a conceder una moción de injunction preliminar basada únicamente en las alegaciones de la petición, mientras se sustanciara el procedimiento. *Rivera* v. *Tugwell, Gobernador,* 60 D.P.R. 81; *Rice & Adams* v. *Lathrop,* 278 U. S. 509, 514; *Ohio Oil Co.* v. *Conway,* 279 U. S. 813; *Harrisonville* v. *Dickey Clay Co.,* 289 U. S. 334. Huelga decir que no hemos examinado siquiera -la alegación de que las leyes impugnadas son nulas en tanto en cuanto pretenden tener vigor retroactivamente desde enero 1 de 1940, y en tanto en cuanto imponen contribuciones sobre ingresos a los extranjeros residentes a un tipo mayor que a los ciudadanos residentes. Dejamos estas cuestiones para otra ocasión.

*La resolución de la corte de distrito será confirmada.*