José Fernández Rodríguez, demandante y apelante, *v.* Hon. Rafael Buscaglia, Tesorero de Puerto Rico, demandado y apelado.

Núm. 8667.—*Sometido:* Mayo 4, 1943. *Resuelto:* Mayo 25, 1943.

E. Martínez Rivera, abogado del apelante; *Hon. Procurador General Interino M. Rodríguez Ramos y José Rafael Gelpí, Procurador General Auxiliar,* abogados del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En una apelación anterior en este mismo caso confirmamos la resolución de la corte inferior por la que se negó a expedir un *injunction* preliminar. *Fernández v. Buscaglia,* 60 D.P.R. 596. En nuestra opinión, a las páginas 603 y 604, hicimos constar lo siguiente:

"Resta sólo la cuestión levantada por el peticionario en su alegato mediante la siguiente manifestación:

" 'Sostuvo la corte inferior en su resolución objeto de apelación que el demandante tiene a su alcance para revisar la actuación del Tesorero el recurso de apelación que autoriza la ley para ante el Tribunal de Apelación de Contribuciones creado por la Ley núm. 172 de 1941 (pág. 1039). Sin embargo, respetuosamente sometemos que tal apelación no proporciona remedio alguno inmediato ni amplio al demandante. La ley de contribución sobre ingresos expresamente limita el recurso a la revisión de deficiencias determinadas por el Tesorero después de investigación, y aquí no se trata de una deficiencia así determinada; el remedio no puede ejercitarse libremente y sin trabas (Artículo 57, Ley núm. 23 de 1941, Sesión Especial); . . .'

"Esto equivale a alegar por primera vez que el peticionario carece de un remedio adecuado en ley. No hubo tal alegación en la petición y aparentemente el peticionario no argumentó esta cuestión ante la corte inferior. No existen en la petición alegaciones que nos permitan resolver esta cuestión ya que la misma no expresa el procedimiento empleado por el Tesorero para exigir el pago de las contribuciones adicionales. En su alegato el peticionario no desarrolla debidamente su argumento. Sólo afirma escuetamente que 'La ley de contribuciones sobre ingresos expresamente limita el recurso a la revisión de deficiencias determinadas por el Tesorero después de investigación, y aquí no se trata de una deficiencia así determinada; . . .'. En vista de que el peticionario no sólo ha dejado de alegar el procedimiento seguido por el Tesorero al tratar de cobrar estas contribuciones, si que también no ha elaborado su argumento, la decisión de esta importante cuestión debe ser pospuesta. Para sostener su posición, el peticionario cita solamente la sección 6 de la Ley núm. 23, Leyes de Puerto Rico, 1941 (pág. 73), Sesión Extraordinaria, que enmienda la sección 57 de la Ley núm. 74, Leyes de Puerto Rico, 1925. Cuando la cuestión se suscite debidamente, tendremos que considerar también la sección 4 de la Ley núm. 172, Leyes de Puerto Rico, 1941 (pág. 1039)."

Como consecuencia de esto el peticionario enmendó su demanda en la corte inferior y contestada la misma por el demandado se celebró una vista al comienzo de la cual el juez se expresó en esta forma:

"La única cuestión nueva es la que dejó el Supremo pendiente al confirmar la resolución en este caso, o sea si el contribuyente demandante tenía o no un recurso adecuado, o sea, si tenía o no

oportunidad de recurrir ante el Tribunal de Apelaciones Contributivas. El Supremo dejó esa cuestión abierta por no haber sido discutida ante esta Corte, y se ha radicado una demanda enmendada, según entiendo, con el fin de plantear adecuadamente ante esta Corte esa cuestión.''

Las partes estipularon que todos los hechos alegados en la demanda enmendada estaban admitidos en la contestación y que lo único que tenía que resolver la corte eran las cuestiones legales planteadas como defensas especiales entre las que se encontraba la de que la petición enmendada de injunction no aducía hechos constitutivos de una causa de acción. Entonces la corte procedió a dictar sentencia declarando sin lugar la demanda por los fundamentos expuestos en su resolución anterior de 26 de mayo de 1942 y ''visto el caso de *Ballester y Ripoll* v. *Tribunal de Apelaciones* resuelto recientemente por el Tribunal Supremo de Puerto Rico.'' Es contra esta sentencia que el peticionario ha entablado el presente recurso de apelación y para sostenerlo alega que la corte sentenciadora cometió error al desestimar la demanda enmendada.

Trata el apelante en su alegato de distinguir el presente caso del de *Ballester y Ripoll* v. *Tribunal de Apelaciones,* 60 D.P.R. 768 por el hecho de que este último no procedía de una corte de justicia sino del Tribunal de Apelación de Contribuciones, ni era un caso de injunction, mientras que en el presente el contribuyente no se ha sometido a dicho tribunal y aunque lo hubiera hecho ''tal proceder no proporcionaría al demandante un remedio amplio ni eficaz ni rápido para impedir la venta por el demandado de sus bienes para hacer efectiva la contribución''.

Las contenciones principales del demandante son: (1) que no habiéndose tasado la contribución aquí envuelta como ''deficiencia'' el demandante no tiene a su alcance el remedio que establece la sección 57 *a* de la Ley de Contribuciones sobre Ingresos; (2) que el Tesorero de Puerto Rico no puede válidamente tomar de nuevo la declaración de ingresos del

demandante correspondiente al año 1940 y exigirle una contribución adicional; (3) que tampoco puede imponer y exigir al demandante como ciudadano español una contribución a un tipo más alto que el que se aplica y cobra a los ciudadanos de los Estados Unidos.

Empero, todas estas cuestiones han sido ya resueltas por este Tribunal Supremo no sólo en la primera apelación del caso de *Ballester,* supra, sino también en la segunda, en su fondo, resuelto con posterioridad a la sentencia dictada en este caso. *Ballester* v. *Tribunal de Apelación,* 61 D.P.R. 474.

Expresamente resolvimos en el primer caso de *Ballester* v. *Tribunal de Apelación,* 60 D.P.R., a la pág. 772, que no siendo aplicable la sección 57 *a* de la Ley de Contribuciones sobre Ingresos a un caso como el de autos, el contribuyente no tenía que prestar una fianza por el 75 por ciento de la contribución para tener derecho a la revisión de su caso ante el Tribunal de Apelación de Contribuciones e interpretamos la sección 4 de la Ley núm. 172 de 1941, a que hicimos referencia en la primera apelación en el caso de autos, en el sentido de que el Tribunal de Apelación de Contribuciones bajo dicha sección "tiene jurisdicción en el caso (y) el contribuyente tiene un adecuado remedio estatutario y el injunction, en el curso ordinario, por tanto, no procedería". Arguye el apelante que esto no obstante dicho recurso "no tendría el efecto de paralizar la mano fuerte del Tesorero ni de impedir que éste llevara adelante sus amenazas de venta de bienes del demandante" y que por este motivo tiene derecho a recurrir al procedimiento de injunction por carecer de un remedio adecuado en ley.

Si entendemos su argumentación el demandante pretende que aceptemos como cierto que el Tesorero de Puerto Rico no obstante que un contribuyente haga uso del remedio que esta Corte Suprema ha resuelto lo concede la ley para obtener una revisión ante el Tribunal de Apelación de Contribuciones procederá a cobrar la contribución sin esperar el

fallo de dicho tribunal. No estamos dispuestos a aceptar, sin más, que un funcionario público no habrá de cumplir con su deber. Si el apelante tenía a su alcance el remedio de apelación para ante el Tribunal de Apelación de Contribuciones es obvio que tenía un remedio adecuado en ley y que no procedía expedir el injunction solicitado. Esto dispone de la primera cuestión planteada por el apelante.

▄▄ En cuanto a la segunda y tercera, también quedaron resueltas en la segunda apelación del caso de *Ballester*, supra, cuando dijimos que la Legislatura podía imponer una contribución sobre ingresos adicional haciéndola retroactiva al 1 de enero de 1940, pero que no podía imponer un tipo mayor a un contribuyente por el hecho de ser extranjero residente en Puerto Rico, por violar esto las disposiciones de nuestra Carta Orgánica sobre la igual protección de las leyes y la uniformidad en la imposición de contribuciones.

Todas las cuestiones envueltas en el presente recurso han sido debidamente aclaradas y resueltas en nuestras decisiones anteriores y por tanto, *debe confirmarse la sentencia apelada.*