Power Electric Company, Inc., demandante y apelante, *v.* Rafael Buscaglia, en su carácter de Tesorero de Puerto Rico, demandado y apelado.

Núm. 8941.—*Sometido:* Junio 15, 1944. *Resuelto:* Julio 14, 1944.

*Damián Monserrat, Jr., Gabriel de la Haba y Rafael Baragaño, Jr.,* abogados de la apelante; *Hon. Procurador General Interino Jesús A. González y P. A. Rodríguez Forteza, Procurador General Auxiliar,* abogados del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

En el presente caso la demandante radicó ante la corte de distrito una petición de sentencia declaratoria en la que solicitaba de la corte que "declare y decrete que las disposiciones del inciso 20 de la sección 16 de la Ley núm. 85 de agosto 20 de 1925 (pág. 585), según quedó enmendada por la Ley núm. 25 de diciembre 4, 1942 ((2) pág. 127) y por la núm. 116 de 12 de mayo de 1943 (pág. 335) no impone ni fija con-

tribución, arbitrio o impuesto alguno sobre los materiales y efectos eléctricos que se fabriquen, vendan, traspasen, usen o introduzcan en Puerto Rico y que constituyan aparatos eléctricos o partes o accesorios de los mismos; que prohiba al demandado incoar acción alguna contra la demandante en cobro de los arbitrios a que se refiere esta demanda . . . ''. La demandante ha apelado contra sentencia de la corte inferior desestimando la demanda.

▆▆▆ Las alegaciones de la petición indudablemente establecen una controversia entre la demandante y el Tesorero.[1]

[1] Los dos primeros párrafos de la petición leen como sigue:

"*Primero:* La demandante se dedica a la importación y venta, dentro de la Isla de Puerto Rico, de aparatos eléctricos, partes y accesorios necesarios para el funcionamiento de los mismos y además a la venta de otros efectos y materiales eléctricos. En 30 de mayo de 1943 los inspectores del Negociado de Arbitrios del Departamento de Hacienda de Puerto Rico practicaron un inventario de las existencias de la demandante a los efectos de la imposición del arbitrio de un 15 por ciento que fija y dispone el inciso 20 de la sección 16 de la Ley núm. 85 de 20 de agosto de 1925, según quedó enmendada por la Ley núm. 25 de diciembre 4 de 1942 y por la Ley núm. 116 de 12 de mayo de 1943. Al practicar dicho inventario los inspectores del Negociado de Arbitrios incluyeron en el mismo todos los efectos y materiales eléctricos en el establecimiento de la demandante por un montante de $8,764.50, a cuya suma agregaron un beneficio estimado en $1,972.90, determinando un total de $11,837.40. Sobre dicho total el demandado, a través de sus agentes y empleados, impuso el arbitrio de 15 por ciento que fija y determina la ley antes citada, y requirió a la demandante de pago de la cantidad de $1,775.61.

"*Segundo:* La demandante ha comunicado al demandado en repetidas ocasiones que no viene obligada al pago de la referida suma de $1,775.61 por cuanto el inciso 20 de la sección 16 de la Ley núm. 85 de agosto 20 de 1925, según quedó enmendada por la Ley núm. 25 de diciembre 4, 1942 y por la Ley núm. 116 de 12 de mayo de 1943 no impone ni fija contribución, arbitrio o impuesto alguno a efectos y materiales eléctricos que se fabriquen, vendan, traspasen, usen o introduzcan en Puerto Rico, siendo aplicable la citada disposición de ley únicamente a aparatos eléctricos y a partes y accesorios necesarios para el funcionamiento de dichos aparatos eléctricos, pero el demandado insiste en que la citada disposición de ley es aplicable a efectos y materiales eléctricos al igual que a aparatos eléctricos y a partes y accesorios necesarios para el funcionamiento de dichos aparatos eléctricos; insiste así mismo en que la demandante deberá pagar la suma de $1,775.61 por concepto de arbitrios o impuestos sobre los efectos y materiales eléctricos a que se refiere el párrafo segundo, y requiere a la demandante de pago de dicha suma alegando que la disposición de dicha sección que dispone que no importa el uso al cual se destinen hace tributables todos los aparatos eléctricos, accesorios para los mismos y todo otro efecto o material eléctrico sin importar que no sea un aparato o una parte o accesorio del mismo.''

La corte de distrito resolvió, sin embargo, que no tenía jurisdicción sobre la materia envuelta, en virtud de la disposición de la sección 4 de la Ley núm. 169, Leyes de Puerto Rico, 1943 (pág. 601), al efecto de que "El Tribunal de Contribuciones tendrá jurisdicción, de carácter exclusivo . . . de todas las acciones, procedimientos o recursos especiales o extraordinarios y reclamaciones de cualquier índole, relacionadas con, o que afecten la imposición, cobro, pago, devolución o reembolso de toda clase de contribuciones, incluyendo arbitrios, contribución sobre ingreso . . . y cualesquiera otras contribuciones o impuestos . . . ''. (Bastardillas nuestras).

La apelante admitió en la vista oral que su petición se basaba únicamente en la alegada ilegalidad de la contribución reclamada por el Tesorero y que en este caso no concurre ninguna de las consideraciones de equidad que, con anterioridad a la aprobación de la Ley núm. 169, han inducido a esta corte en el pasado a prohibir el cobro de contribuciones. (Véanse los casos anotados en la pág. 599 de *Fernández* v. *Buscaglia, Tesorero,* 60 D.P.R. 596). La demandante insiste, sin embargo, en que tiene derecho, mediante sentencia declaratoria, a que se determine la ilegalidad de la contribución de que aquí se trata; y que de hacer la corte de distrito tal declaración a su favor, entonces tendría derecho, a tenor con la sección 8 de la Ley Uniforme de Sentencias Declaratorias, Ley núm. 47, Leyes de Puerto Rico, 1931 (pág. 379), a un *injunction* prohibiendo el cobro de dicha contribución.

Hemos expuesto detalladamente los hechos y las contenciones de este caso, con el fin de demostrar que era innecesario el que la corte de distrito decidiera a base de que no tenía jurisdicción para dictar en este caso una sentencia declaratoria. Dándole a la petición y a los argumentos de la demandante el valor que realmente tienen, ellos establecen un caso en que la corte de distrito en el debido ejercicio de su discreción debió haber denegado el remedio por vía de sentencia declaratoria (Véanse *Paul Smith Const. Co.* v. *Buscaglia,* 140 F. (2d) 900 (C.C.A. 1, 1944); *Great Lakes Co.* v.

*Huffman,* 319 U.S. 293). En el caso corriente el remedio provisto por la ley ante el Tribunal de Contribuciones es el adecuado, *Ballester* v. *Tribunal de Apelación de Contribuciones,* 60 D.P.R. 768, y no debe permitírseles de ordinario a los contribuyentes que eviten el pasar por dicha corte utilizando el procedimiento de solicitar una sentencia declaratoria en la corte de distrito. Si la corte de distrito tiene o no todavía jurisdicción para conceder un remedio declaratorio, acompañado del remedio adicional coercitivo de injunction, en un caso que esté dentro de la regla expuesta en *Fernández* v. *Buscaglia, Tesorero,* supra, es una cuestión que no tenemos que resolver ahora y por tanto expresamente la dejamos pendiente (Véanse Anotación, *Tax questions as proper subject of action for declaratory judgment,* 132 A.L.R. 1108. *Cf. Miles Laboratories* v. *Federal Trade Commission,* 140 F.(2d) 683 (C.C.A., D.C., 1944); *United States ex rel. Jordan* v. *Ickes,* F.(2d), resuelto en 5 de junio de 1944 (C.C.A., D.C., 1944)).([2])

La sentencia de la corte de distrito será confirmada.

---

([2]) Aunque no es de absoluta aplicación, la anotación *Justiciable controversy within Declaratory Judgment Act as predicable upon advice, opinion, or ruling of public administrative officer,* que se encuentra en 149 A.L.R. 349 *et seq.,* sería de alguna ayuda en la determinación de esta cuestión.