ANDRÉU, AGUILAR & CÍA., INC., ETC., peticionarios, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. D. MASSARI, JUEZ, y EL PUEBLO DE PUERTO RICO, demandados.

Núm. 30.—*Sometido:* Marzo 19, 1945. *Resuelto:* Abril 12, 1945.

*C. Andréu Ribas,* abogado de los peticionarios; *Hon. Procurador General Interino Jesús A. González* y *J. Rivera Barreras, Procurador General Auxiliar,* abogados de los demandados.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO, emitió la opinión del tribunal.

En octubre 23 de 1944 El Pueblo de Puerto Rico radicó una demanda ante la Corte de Distrito de San Juan contra la corporación Andréu, Aguilar & Cía., Inc., sus directores, aquí peticionarios, y la Glenns Falls Indemnity Co., como garantizadora, siendo el objeto de dicha demanda el cobro de la suma de $11,893.34 que, según se alega, la corporación demandada, disuelta desde el año 1942, quedó a deber a El Pueblo de Puerto Rico por concepto de arbitrios, recargos,

intereses y·multas por la venta de vehículos de motor, piezas y partes. Habiendo sido disuelta la corporación deudora sin dejar bienes de clase alguna, en la demanda se pide que se condene a sus directores y liquidadores y a la compañía fiadora al pago de la suma reclamada.

Comparecieron los demandados y alegaron que la corte de distrito carecía de jurisdicción sobre la materia envuelta en el caso, por ser ésta de la exclusiva jurisdicción del Tribunal de Contribuciones, creado por la Ley núm. 169 de 15 de mayo de 1943, pág. 601. Declarada sin lugar dicha moción, los demandados acudieron ante esta Corte en solicitud de un auto de *certiorari,* el cual fué expedido, quedando el caso sometido a nuestra decisión en marzo 19 de 1945.

■■■ Las secciones 3 y 4 de la Ley núm. 169 de 1943, en cuanto son pertinentes a este caso, disponen lo siguiente:

"Sección 3.—   *   *   *   *   *   *   *   *

"Todas las acciones, recursos o procedimientos que deban substanciarse ante el Tribunal de Contribuciones de Puerto Rico se iniciarán mediante instancia jurada de la persona o entidad recurrente . . . dentro de los treinta días siguientes a la fecha de la notificación que a la misma haga el Tesorero de Puerto Rico, en cualquiera de los siguientes casos: (1) tasación o retasación de propiedad mueble, tangible o intangible, o inmueble; (2) valoración hecha para fines. de contribución de herencia . . . . . ; (3) liquidación o reliquidación del importe de la contribución de ingresos, incluyendo notificaciones de deficiencias o de cualquier otra índole; (4) denegatorias de reembolso de cualquier contribución pagada indebidamente o en exceso o cobrada ilegalmente por cualquier otra causa; (5) requerimiento de pago por el Tesorero de Puerto Rico en virtud de cualquier arbitrio o contribución de licencia o de cualquiera otra clase de contribuciones o impuestos no especificados anteriormente; *Disponiéndose,* que el término de treinta días a que hace referencia esta sección quedará en suspenso si durante el mismo se solicitase la reconsideración de su actuación al Tesorero de Puerto Rico y éste decidiese reconsiderarla, en cuyo caso el indicado término de treinta días ya iniciado se seguirá contando desde la fecha en que el Tesorero notifique a la parte interesada su decisión final en el incidente sobre reconsideración; *Y disponiéndose, además,* que el pro-

cedimiento de apremio o ejecución para hacer efectiva la contribución objeto de la acción o recurso quedará en suspenso, . . . . . , hasta que emita su decisión el tribunal, siempre que éste, a solicitud del contribuyente y con citación del Tesorero de Puerto Rico permita el afianzamiento, etc.''

''Sección 4.—El Tribunal de Contribuciones tendrá jurisdicción, *de carácter exclusivo*, para conocer de todos los casos sobre revisión de la tasación o retasación de la propiedad mueble, tangible o intangible, o inmueble, *y de todas las acciones, procedimientos o recursos especiales o extraordinarios y reclamaciones de cualquier índole, relacionadas con, o que afecten la imposición, cobro, pago, devolución o reembolso de toda clase de contribuciones, incluyendo arbitrios,* contribución sobre ingresos, impuesto de la victoria, sobre herencia, licencias, y cualesquiera otras contribuciones o impuestos, así como para conocer de las reclamaciones de contribuciones pagadas indebidamente o en exceso o cobradas ilegalmente, cuyo reembolso se haya rehusado por el Tesorero. *Esta jurisdicción,* sin embargo, *no podrá invocarse ante el tribunal por persona alguna, hasta que sobre el asunto en discusión haya recaído la correspondiente resolución administrativa por parte del Tesorero de Puerto Rico, de acuerdo con la ley.''* (Bastardillas nuestras.)

Es obvio que de conformidad con las disposiciones legales que acabamos de citar el Tribunal de Contribuciones tiene jurisdicción exclusiva para conocer de todas las acciones que puedan ser ejercitadas por un contribuyente contra una resolución administrativa del Tesorero (*a*) tasando o retasando determinadas propiedades; o (*b*) fijando el importe de la contribución de herencia; o (*c*) fijando el importe de la contribución sobre ingresos o determinando deficiencias; o (*d*) denegando la devolución de contribuciones cobradas indebidamente; o (*e*) requiriendo al contribuyente para el pago de cualquier arbitrio, contribución o impuesto. Parece obvio también que de acuerdo con lo dispuesto en la sección 4, supra, ningún contribuyente podrá invocar la jurisdicción del Tribunal de Contribuciones antes de que el Tesorero haya dictado su resolución sobre la controversia entre él y el contribuyente, o haya requerido a éste para el pago de una can-

tidad determinada por concepto de contribuciones, arbitrios o impuestos de cualesquiera clase.

En la demanda interpuesta en este caso se alega que los demandados fueron requeridos repetidas veces para que efectuasen el pago de las sumas reclamadas por el Tesorero. Los demandados, tan pronto como fueron requeridos para el pago de los arbitrios, pudieron haber recurrido ante el Tribunal de Contribuciones para la revisión de la resolución del Tesorero imponiendo dichos arbitrios. No lo hicieron así esperando tal vez a que el Tesorero procediese al cobro por la vía de apremio.

Está ya definitivamente establecido por varias decisiones de este tribunal, que "en todas las acciones relacionadas con el cobro de toda clase de contribuciones, incluyendo arbitrios, el Tribunal de Contribuciones tendrá y tiene jurisdicción de carácter exclusivo". *Fernández* v. *Buscaglia, Tesorero,* 60 D.P.R. 596; *Mayagüez Sugar Co.* v. *Tribunal de Apelación,* 60 D.P.R. 753; *Power Electric Co.* v. *Tesorero,* 63 D.P.R. 984, y *Ballester* v. *Tribunal de Apelación de Contribuciones,* 60 D.P.R. 768.

Arguye la representación de El Pueblo de Puerto Rico que la jurisdicción exclusiva del Tribunal de Contribuciones está limitada a aquellos casos, como los arriba citados, en que la acción o procedimiento es iniciado por el contribuyente, en alzada contra una resolución administrativa del Tesorero de Puerto Rico y no es extensiva a las acciones o procedimientos iniciados por el Tesorero o por El Pueblo de Puerto Rico en cobro de contribuciones o arbitrios, porque en esos casos no existe ninguna resolución administrativa del Tesorero que pueda servir de base para invocar la jurisdicción del Tribunal de Contribuciones, según lo requiere la sección 4 de la Ley núm. 169 de 1943, supra. Sostiene, además, que cuando el Tesorero tiene que cobrar una cantidad líquida y exigible a un contribuyente, debe recurrir a los tribunales de justicia y no al Tribunal de Contribuciones.

No nos convence la argumentación de la parte interventora. La que se ejercita en este caso, no obstante lo que se alega en contrario, es una acción que tiene como único objeto el cobro de arbitrios impuestos y no pagados sobre ventas de automóviles, que se alega fueron realizadas por la corporación demandada.

La sección 4 de la Ley núm. 169 de 1943 (pág. 601) confiere al Tribunal de Contribuciones jurisdicción de carácter exclusivo para conocer de todas las acciones, procedimientos o recursos y reclamaciones que estén relacionados con o afecten al cobro de contribuciones o arbitrios. Es indudable que si el Tesorero hubiese recurrido al procedimiento de apremio para efectuar el cobro de los arbitrios reclamados en este caso, la corporación demandada hubiera podido invocar la jurisdicción exclusiva del Tribunal de Contribuciones para conocer de la controversia entre las partes. No creemos que la intención legislativa haya sido la de conferir jurisdicción exclusiva al Tribunal de Contribuciones para conocer de una controversia entre el Tesorero y un contribuyente, cuando esa controversia es sometida a su consideración por el contribuyente, y negarle jurisdicción para conocer de esa misma controversia a petición del Tesorero.

La acción en el presente caso fué interpuesta por El Pueblo de Puerto Rico. La determinación o resolución administrativa fijando la cantidad adeudada por la corporación demandada por concepto de arbitrios, intereses y penalidades debió sin duda alguna ser hecha por el Tesorero de Puerto Rico, por ser éste el funcionario autorizado por la ley para imponer y cobrar toda clase de contribuciones y arbitrios. No vemos razón alguna por la cual El Pueblo de Puerto Rico no pueda invocar la jurisdicción del Tribunal de Contribuciones, basándose en la resolución administrativa dictada por el Tesorero, de conformidad con lo dispuesto en la sección 4, supra.

814

Opinamos que el propósito de la ley creando el Tribunal de Contribuciones fué el de establecer un tribunal, con jurisdicción exclusiva, ante el cual puedan comparecer, tanto los contribuyentes como el Tesorero de Puerto Rico, e incoar cualquier acción, procedimiento o recurso que esté relacionado con o que afecte la imposición, cobro, pago, devolución o reembolso de toda clase de contribuciones y arbitrios.

La acción que se ejercita en este caso es una de las comprendidas dentro de la jurisdicción exclusiva del Tribunal de Contribuciones y la Corte de Distrito carece de jurisdicción para conocer de ella.

*La resolución recurrida debe ser revocada y el caso devuelto a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*