Cooperativa de Cosecheros de Café de Puerto Rico, demandante y apelante, v. Tesorero de Puerto Rico, demandado y apelado.

Núm. 9579.—*Sometido:* Junio 3, 1948. *Resuelto:* Julio 21, 1948.

*Erasto Arjona Siaca,* abogado de la apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Procurador General Auxiliar,* abogados del apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En marzo 29 de 1943, el Tesorero de Puerto Rico requirió a la Cooperativa de Cosecheros de Café de Puerto Rico para el pago de la suma de $2,321.88 por concepto de la contribución especial impuesta por la Ley núm. 145 de 11 de mayo de 1939 ((1) pág. 703), en la cual se dispone:

"*Sección 3.*—El Tesorero de Puerto Rico queda por la presente autorizado, y se le ordena que, a partir de la cosecha 1939 a 1940 y en los años sucesivos, imponga y recaude una contribución especial de uno y medio (1½) centavos por cada libra de café crudo que se venda para consumo en Puerto Rico; *Disponiéndose,* que esta contribución sólo podrá cobrarse una vez cada año en el mo-

mento de efectuarse la primera venta, entendiéndose por 'primera venta' la efectuada por el agricultor a cualquier comerciante, traficante, manipulador, asociación cooperativa, torrefactor de café o cualquier otra persona natural o jurídica; . . . . . *Y, disponiéndose, además,* que *el comprador* quedará obligado a pagar la citada contribución al Tesorero de Puerto Rico en la forma que éste prescriba en el reglamento que dictará al efecto. La contribución que por la presente se impone se considerará como un gravamen preferente sobre cualquier propiedad mueble e inmueble que poseyere *el comprador de café."* (Bastardillas nuestras.)

En la demanda radicada por la mencionada cooperativa se alega, como primera causa de acción, que la contribución fué impuesta sobre 100,000 libras de café vendidas por la demandante a F. Rangel & Co., de Ponce, y sobre todas las existencias de café en poder de la demandante, procedentes de cosechas anteriores a la del 1939–1940; que la demandante alegó en oposición al requerimiento del Tesorero que éste carecía de facultad para exigir el pago por la demandante, toda vez que ésta había recibido las existencias de café de los miembros agricultores de la cooperativa, en calidad de depósito, para industrializarlo y venderlo; y, por último, que las existencias de café fueron vendidas por la cooperativa demandante a diversos compradores, sobre los cuales recae la obligación de pagar el impuesto de 1½ centavos por libra.

Como segunda causa de acción se alega que el Tesorero impuso y cobró sobre las existencias de café crudo correspondiente a la cosecha de 1938 a 1939, la contribución de ¼ de centavo por libra impuesta por la Ley núm. 116 de 15 de mayo de 1936 (Leyes de 1936 (1) pág. 679), ascendiendo dicho cobro a la suma de $412.16 sobre 164,860 libras vendidas en Puerto Rico; y que la actual tentativa de cobrar sobre esas mismas existencias la contribución de 1½ centavos por libra, establecida por la Ley núm. 145 de 11 de mayo de 1939, constituye un paso para imponer una doble contribución sobre el mismo objeto específico, que de llevarse

a efecto constituiría una arbitraria privación de la propiedad de la demandante sin el debido proceso de ley.

Como tercera causa de acción se alega que con fecha 21 de agosto de 1939, el Tesorero de Puerto Rico, por carta circular núm. 15, Serie 1939–1940, informó a los contribuyentes interesados que de acuerdo con su interpretación de la Ley 145 de 1939 el impuesto de 1½ centavos por libra sólo era aplicable al café de la cosecha de 1939 y las sucesivas y no al café de la cosecha de 1938; que de acuerdo con esa interpretación oficial, las ventas de café crudo para consumo en Puerto Rico se efectuaron teniendo en cuenta dos tipos de impuesto distintos, o sea, ¼ de centavo por libra sobre el café de 1938 y 1½ centavos por libra sobre el café de 1939; y que los contribuyentes celebraron sus contratos de compraventa, descansando en la interpretación oficial del Tesorero. Alega la demandante que el demandado está impedido (*estopped*) de variar su interpretación, con efecto retroactivo, para cobrar la contribución de 1½ centavos por libra de café crudo de la cosecha de 1938.

En la cuarta causa de acción se alega que las citadas leyes 116 de 15 de mayo de 1936, 145 de 11 de mayo de 1939 y la 157 de 8 de mayo de 1940 (pág. 933), todas las cuales fueron aprobadas para beneficio de los agricultores de café de Puerto Rico y no para proveer de rentas o ingresos al Tesoro Insular, fueron derogadas por la Ley núm. 17 de noviembre 27 de 1942 ((2) pág. 73), quedando por tanto derogados los fines a que había de dedicarse el producido de los arbitrios; y que esa derogación produjo el efecto de cancelar y condonar todas las contribuciones pendientes de cobro, por no contener la ley derogatoria cláusula de reserva alguna permitiendo la continuación del cobro de contribuciones impuestas por virtud de las leyes derogadas.

Pide la demandante que se dicte sentencia decretando que el requerimiento de pago que le hiciera el Tesorero es ilegal e improcedente; que el Tesorero debe abstenerse de

seguir los procedimientos fiscales para obligar a la demandante a efectuar el pago de la suma reclamada; y que la demandante no viene obligada a pagar cantidad alguna por concepto de contribuciones sobre café crudo vendido para consumo en Puerto Rico.

El demandado alegó como excepciones previas a la demanda (*a*) que la corte no tiene jurisdicción sobre la persona del demandado ni sobre la materia en controversia; y (*b*) que la demanda no aduce hechos suficientes constitutivos de una causa de acción.

Desestimada la demanda con costas a la demandante, apeló ésta. Basa su recurso en ocho señalamientos de error.

1. En el primer señalamiento se alega como error el de haber calificado la demanda como una de *injunction* o como un recurso declarativo, ignorando "su verdadera esencia y naturaleza de acción ordinaria que persigue la declaración por un tribunal competente de un estado de derecho en favor de la demandante y en contra de la actuación arbitraria y nula del demandado."

El razonamiento de la corte inferior fué, en síntesis, el siguiente:

La acción que se trata de ejercitar por la demandante puede ser considerada como una sobre sentencia declaratoria, a tenor de lo dispuesto en la Ley Uniforme Sobre Sentencias Declaratorias, o como un recurso clásico de injunction para que se prohiba al Tesorero que cobre el impuesto. Ninguna de dichas dos acciones es procedente. Para la procedencia de cualquiera de dichos recursos es necesario que el demandante tenga la condición de contribuyente respecto de los impuestos que se le cobran; y, además, que el demandante no tenga algún otro remedio legal adecuado para la protección de sus derechos. La demandante alega que ella no tiene obligación legal de pagar el impuesto, porque esa obligación recae sobre los compradores del café. De acuerdo con la ley, el contribuyente es, en primer lugar, el comprador del café o sea aquél que lo adquiere directamente del

agricultor; en segundo lugar, el agricultor en el caso de que él mismo lo exporte o lo torrefaccione; y, en tercer lugar, cualquier persona natural o jurídica que, en la fecha de vigencia de la ley, tenía en su poder existencias de café sobre el cual no se hubiere pagado anteriormente la contribución.

Si asumimos que la demandante tiene la condición de contribuyente, la acción sobre sentencia declaratoria es improcedente de acuerdo con lo resuelto por este Tribunal en *Power Electric Co.* v. *Buscaglia, Tes.*, 63 D.P.R. 984. Resolvimos en dicho caso que el remedio provisto por la ley ante el Tribunal de Contribuciones es el adecuado y que "no debe permitírseles de ordinario a los contribuyentes que eviten el pasar por dicha Corte utilizando el procedimiento de solicitar una sentencia declaratoria en la corte de distrito."

Si aceptáramos, como se alega en la demanda, que la Cooperativa demandante no tiene la condición de contribuyente, por no ser compradora del café, el remedio de injunction sería procedente si la demanda contuviera las alegaciones necesarias para justificar la aplicación de ese remedio extraordinario. En *Fernández* v. *Buscaglia, Tes.*, 60 D.P.R. 596, resolvimos, copiando del sumario, que " . . . no basta que la petición exponga meramente la conclusión de que el cobro resultará en daño irreparable. Debe alegar hechos específicos de los cuales pueda la corte concluir razonablemente que sólo mediante el remedio de injunction pueden impedirse daños irreparables." La demanda en este caso no cumple con tales requisitos. La alegación de que el Tesorero amenaza hacer efectivo el cobro de la contribución mediante el procedimiento de apremio, no es por sí misma suficiente para establecer un caso de daños irreparables. Así lo resolvimos en *Fernández* v. *Buscaglia,* supra.

*La sentencia recurrida será confirmada.*

El Juez Asociado Sr. De Jesús no intervino.