FRANCISCO A. NIEVES, demandante y apelado, *v.* R. R. LUTZ, JEFE DE LA POLICÍA INSULAR DE PUERTO RICO y LA COMISIÓN DE LA POLICÍA INSULAR, compuesta de J. C. HITCHMAN, IGNACIO PEÑAGARÍCANO y MIGUEL SUCH, demandados y apelantes.

No. 5972.—*Sometido:* Junio 8, 1932. *Resuelto:* Julio 29, 1933.

638

Hon. *Procurador General Charles E. Winter* y *T. Torres Pérez, Sub-procurador*, abogados de los apelantes; *Juan Valldejuli*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Francisco A. Nieves fué sargento de la Policía Insular por un período de tiempo que vencía el 9 de diciembre de 1930. A principios de 1931 fué licenciado de la Policía Insular y entonces acudió a la Corte de Distrito de San Juan con una petición de *mandamus* contra el Jefe de la Policía Insular y contra la Comisión de la Policía Insular para que se les ordenase que lo repusieran en dicho cargo, fundándose en que solicitó en tiempo oportuno ser reenganchado en el cargo que tenía.

Una de las cuestiones suscitadas por los demandados es que el recurso de *mandamus* ejercitado en este caso no es procedente porque la ley que regula la Policía Insular concede al peticionario un recurso de alzada para ante el Gobernador de Puerto Rico contra la resolución de que se queja. Esta cuestión la resolvió la corte de distrito declarando que el auto de *mandamus* es procedente porque el recurso de alzada que concede la ley ante el Gobernador no es claro, adecuado y rápido porque no especifica el procedimiento a seguir, el término en que ha de ser interpuesta la alzada ni cómo

ha de tramitarse, y declaró con lugar el *mandamus*. Contra esa sentencia fué interpuesto el presente recurso de apelación.

La ley disponiendo la organización, reglamentación y gobierno de la Policía Insular de Puerto Rico aprobada el 12 de marzo de 1908 (Comp. 2071 *et seq.*) está aún vigente con algunas enmiendas que le fueron hechas por la Ley No. 46 de 1925 (pág. 263). Su sección 9, último párrafo, según ha sido enmendada, dispone que: "Todos los licenciamientos, separaciones y degradaciones de sargentos, cabos y guardias, se harán por la Comisión de la Policía Insular, cuando a su juicio las circunstancias lo justificaren, pero contra la resolución que a tal efecto adoptare la Comisión de la Policía Insular, podrán los perjudicados acudir en alzada ante el Gobernador, quien podrá revocar o confirmar dicha resolución." También dice que el cumplimiento del término de alistamiento o incapacidad física constituirán motivos para un licenciamiento honroso. El párrafo citado de la sección 9 de la ley original de 1908 no concedía tal recurso de alzada. Según la sección 7 la suprema autoridad en cuanto a la dirección de la Policía Insular residirá en el Gobernador.

El peticionario admite en su solicitud de *mandamus* que su nombramiento como sargento fué por el período de dos años que expiraba en 9 de diciembre de 1930 y que si quería ser reenganchado como sargento debía presentar una solicitud en tal sentido antes de transcurrir diez días después de esa fecha.

La sección 9 enmendada que hemos copiado faculta a la Comisión de la Policía Insular para resolver sobre todos los licenciamientos de los sargentos, entre los cuales están comprendidos los licenciamientos por vencimiento del término por el cual fueron nombrados o contratados los sargentos, pues no sólo habla de todos los licenciamientos en términos generales sino que también dice que el cumplimiento del término de alistamiento de los sargentos, cabos y guardias constituirá motivo para licenciamiento honroso, por lo cual es

la Comisión de la Policía Insular la que decreta los licenciamientos en todos los casos.

La ley de la Policía Insular a que venimos refiriéndonos es administrativa porque se refiere a la composición de su fuerza, su número, dirección de la misma, nombramientos, ascensos, suspensiones, degradación y expulsión de sus oficiales, sargentos y cabos, alistamiento de guardias, reenganches de sargentos, cabos y guardias, obligaciones de los jefes de distrito, etc.; y como esa ley concede un recurso de alzada, también administrativo, ante el Gobernador contra las resoluciones de la Comisión de la Policía Insular, entre ellas por licenciamientos de sargentos, cabos y guardias, no deben los tribunales de justicia intervenir contra esas resoluciones ya que dicha ley concede un recurso administrativo contra ellas ante el Gobernador, sin que justifique la intervención de los tribunales de justicia en este caso el hecho de que la ley no diga cómo, cuándo y en qué forma ha de establecerse la alzada para ante el Gobernador, pues no puede sostenerse por ello que tal alzada no sea clara, adecuada y rápida. El recurso de alzada es claro por estar expresamente concedido por la ley; y como no expresa su forma y tiempo puede, naturalmente, hacerse en cualquier solicitud presentada a la comisión dentro de un tiempo razonable. Esa resolución y otras muchas que dicta la Comisión de la Policía Insular administrativamente, han de ser revisadas administrativamente también por el Gobernador. En el caso de *Axtmayer* v. *Kessinger,* 32 D.P.R. 915, en el que existía por ley una apelación ante el Gobernador, se dijo que es regla bien conocida que debe agotarse la vía gubernativa antes de acudirse a la judicial.

Por lo expuesto el auto de *mandamus* solicitado no es procedente en este caso y *debe ser revocada la sentencia apelada y dictarse otra declarando sin lugar la solicitud de "mandamus".*