Sergio S. Peña, demandante y apelante, *v.* Josefina Flores de Ordóñez, demandada y apelada.

Núm. 8320.—*Sometido:* Mayo 28, 1941. *Resuelto:* Mayo 29, 1941.

*P. Pérez Pimentel,* abogado del apelante; *A. Quirós Méndez,* abogado de la apelada.

E<small>L</small> J<small>UEZ</small> A<small>SOCIADO</small> S<small>EÑOR</small> T<small>ODD</small>, J<small>R.</small>, emitió la opinión del tribunal.

El peticionario Sergio S. Peña desempeñaba el cargo de Director de Beneficencia del Municipio de Loíza cuando el día 13 de septiembre de 1940, la demandada Josefina Flores de Ordóñez en su carácter de Alcaldesa de dicho Municipio, le formuló cargos y suspendió de empleo y sueldo. Contestados los cargos, se celebró una vista y practicada la prueba de ambas partes la Alcaldesa consideró probados los cargos y destituyó al Dr. Peña. Radicó éste entonces una petición de *mandamus* en la Corte de Distrito de San Juan alegando que fué destituído sin justa causa y solicitando se ordenara su reposición. Además de excepcionar por falta de hechos y contestar la petición la demandada radicó una moción solicitando se anulara el auto condicional expedido por ser improcedente el recurso extraordinario de mandamus en este caso pues el peticionario tiene un remedio adecuado en el curso ordinario de la ley. Oídas las partes la corte inferior dictó sentencia declarando con lugar la excepción previa, anuló el auto expedido y desestimó la petición. El peticionario estableció el presente recurso de apelación en el que señala como único error el haber la corte inferior resuelto el caso en la forma antes expresada.

El artículo 29 de la Ley Municipal vigente (Leyes de 1931, pág. 613) en lo pertinente, dispone lo siguiente:

"Los funcionarios administrativos y empleados municipales sólo podrán ser removidos de sus puestos por el alcalde, y de esta decisión podrán apelar en un solo efecto, el funcionario o empleado perjudicado para ante la corte de distrito correspondiente, la cual deberá considerar y resolver las cuestiones de hecho y derecho envueltas en la apelación dentro de un plazo no mayor de treinta días

desde la radicación de la demanda en apelación, y de la sentencia que dictare la corte de distrito resolviendo las cuestiones planteadas, no podrá apelar ninguna de las partes. . . .''

La corte inferior, al interpretarlo y aplicarlo, en su relación del caso y opinión, se expresó, en parte, así:

''No hay duda que este precepto legal confiere al funcionario destituído el derecho de apelar para ante la corte de distrito correspondiente de la resolución dictada por el alcalde y dispone además que todas las cuestiones de hecho y derecho sean consideradas y resueltas dentro de un plazo no mayor de treinta días. Éste es un remedio no solamente adecuado, sino tan rápido como el mandamus y está firmemente establecido, que generalmente, cuando existe el remedio de apelación, no procede el mandamus. Ésa es no solamente la jurisprudencia americana, sino que también la de nuestra Corte Suprema. Hace muchos años en *Rivas v. Consejo Ejecutivo,* 16 D.P.R. 670, se sostuvo el principio. Se trataba de un mandamus para ordenar al Consejo Ejecutivo que repusiera al peticionario en las listas electorales. Contra la decisión del Consejo Ejecutivo excluyendo a un elector cabía el recurso de apelación para ante la corte municipal. Al denegar el mandamus por la existencia del remedio en apelación, dijo la Corte Suprema:

'' 'El mandamus es una acción o procedimiento judicial de naturaleza civil, extraordinario en el sentido de que puede sostenerse solamente cuando no existe otro recurso adecuado, de carácter privilegiado en cuanto que la expedición, así del alternativo como del perentorio, es discrecional y tiene por objeto hacer efectivos derechos legales claros y compeler a los tribunales a que conozcan o procedan en el ejercicio de su jurisdicción, o a las corporaciones tanto públicas, como privadas y a las juntas públicas, comisiones o funcionarios, a ejercer su jurisdicción o discreción y cumplir deberes oficiales que resultan de su cargo, comisión o estado y son clara y perentoriamente ordenados por la ley como absolutos y oficiales. (26 Cyc. 139 y casos citados.)'

'' 'La ley electoral marcaba el procedimiento al peticionario, y tal procedimiento debió seguirse hasta el fin, removiéndose los obstáculos que se le presentaron ejercitando los recursos que la ley concede.' ''

Cita además la corte inferior los casos de *Morera v. Corte,* 55 D.P.R. 742; *Pérez Marchand v. Garrido,* 48 D.P.R. 457;

*Nieves* v. *Lutz*, 45 D.P.R. 637 y otros, todos sostenedores de la misma doctrina expuesta en el de *Rivas* v. *Consejo Ejecutivo*, supra. El apelante no nos convence de que haya razón alguna especial en este caso que haga variar la aplicación de dicha doctrina. El caso de *Branizar* v. *Mendín*, 43 D.P.R. 29, que cita el apelante para demostrar que procede el recurso de mandamus en un caso como el de autos, no debe interpretarse que tenga ese alcance porque no aparece de sus hechos que se planteara ante la corte inferior ni ante este tribunal, la cuestión legal envuelta y resuelta en éste.

*Se confirma la sentencia apelada.*