Isabel Cruz, peticionaria, *v.* Comisión Hípica Insular de Puerto Rico, Etc., demandados y apelantes.

Núm. 9183.—*Sometido:* Enero 15, 1946. *Resuelto:* Febrero 25, 1946.

Diego O. Marrero, abogado de los apelantes; *Eduardo Ortiz Reyes,* abogado de la apelada.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

La peticionaria es dueña de un caballo de carreras, conocido con el nombre de Yuyín A, inscrito en el Libro de

Registro de la Comisión Hípica. Después de participar en una carrera el 8 de abril de 1945, Yuyín A. fué suspendido por el Jurado durante el término de tres meses y un día por inconsistencia. El 10 de abril se radicó esta petición, solicitando un *injunction* dirigido a los demandados—los miembros de la Comisión y del Jurado—prohibiéndoles que pusieran en vigor la decisión del Jurado.

Alega la peticionaria que la resolución del Jurado se hizo sin causa legítima alguna, sin practicar investigación y sin darle oportunidad de ser oída, en violación de la Regla 96(*h*) del Reglamento de la Comisión, privándola con ello de su propiedad sin el debido procedimiento de ley; que el Secretario de la Comisión no le notificó por escrito esta decisión al finalizar el día de carreras, según lo exige la Regla 113 del Reglamento; y que la Comisión ha ordenado el retiro de dicho caballo de una carrera a celebrarse el 11 de abril. Alega que de subsistir la decisión perdería una considerable suma que por concepto de premio podría ganar el caballo, y que carece de remedio adecuado en ley.

El 11 de abril la Corte de Distrito dictó una orden de entredicho. Los demandados pidieron la desestimación de la petición por el fundamento de que la peticionaria no había agotado su remedio administrativo, toda vez que la decisión del Jurado era apelable ante la Comisión. En la vista de esta moción, las partes también sometieron la moción solicitando injunction preliminar sin presentar prueba alguna. La corte inferior declaró sin lugar la moción de desestimación y dictó una resolución concediendo el injunction preliminar, de la cual apelan los demandados.

Es cierto que en *Maldonado v. Comisión Hípica,* 64 D.P.R. 503, *Sifre v. Pellón, Juez,* 54 D.P.R. 587, *Hernández v. Comisión Hípica Insular,* 50 D.P.R. 100, y *Romany v. Jurado del Hipódromo Quintana,* 55 D.P.R. 325, resolvimos que bajo las circunstancias de dichos casos deben concederse los injunctions cuando el Jurado impone penalidades sin conce-

der una vista de acuerdo con la Regla 96(h). Pero dichos casos envolvían más que la negativa de una vista: las decisiones del Jurado no eran apelables. En su consecuencia, a menos que una corte de equidad interviniera, las partes perjudicadas no tenían manera de obtener la revisión de la decisión del Jurado.

Es innecesario que reexaminemos dichos casos, toda vez que el presente es distinguible. Aquí el artículo 18 de la Ley Hípica(1) dispone que las decisiones del Jurado imponiendo suspensiones por más de tres meses son apelables ante la Comisión, la que debe decidir tales apelaciones dentro del término improrrogable de diez días. La penalidad impuesta en este caso fué por más de tres meses de suspensión; por tanto la peticionaria tenía el derecho de apelar ante la Comisión, cosa que no hizo. Toda vez que no agostó su remedio administrativo, de acuerdo con los principios conocidos, no tiene derecho al remedio de injunction.(2)

██ La corte de distrito resolvió que no obstante este derecho de apelación, debía expedirse el injunction porque el artículo 20 de la Ley Hípica(3) dispone que una apelación de la decisión del Jurado no suspende la ejecución de dicha decisión. Pero debe recordarse que hay un gran interés público en la estricta supervisión de las carreras y en la pronta supresión de prácticas impropias por aquéllos que se dedi-

---

(1)Ley núm. 11, Leyes de Puerto Rico, 1932 (Leyes de 1931–32, pág. 195), según quedó enmendada por la Ley núm. 17, Leyes de Puerto Rico, 1935, Sesión Extraordinaria (pág. 93).

(2) Este caso es una aplicación obvia de ''la regla de administración judicial establecida hace tiempo de que nadie tiene derecho a remedio judicial por un supuesto daño o amenaza de daño hasta que haya agotado el remedio administrativo prescrito.'' Myers v. Bethlehem Corp., 303 U.S. 41, 50, 51, y casos citados en el escolio 9; Levers v. Anderson, ____ U.S. ____, resuelto en 5 de noviembre de 1945; Felicie et al. v. P. R. Racing Corp. et al., 38 D.P.R. 475, 480–81; Axtmayer v. Kessinger, 32 D.P.R. 915, 919; Nieves v. Lutz, 45 D.P.R. 637; Pérez Marchand v. Garrido, Comisionado, 48 D.P.R. 457; Peña v. Flores, 58 D.P.R. 772.

(3)Ley núm. 11, según quedó enmendada por la Ley núm. 9, Leyes de Puerto Rico, 1936 ((1) pág. 179).

can al deporte hípico. Con frecuencia, si la decisión del Jurado va a ser totalmente efectiva, debe tomarse en el mismo sitio en seguida que se comete la falta. En vista de este interés público, una demora de diez días en obtener de la Comisión una decisión en apelación, tiempo durante el cual permanece en vigor la decisión adversa del Jurado, no perjudica a la peticionaria a tal extremo que justifique a las cortes hacer caso omiso del rápido remedio administrativo dispuesto por ley y expedir inmediatamente el remedio extraordinario del injunction. *Cf. Power Electric Co. Inc.* v. *Buscaglia, Tes.,* 63 D.P.R. 984; *Fernández* v. *Buscaglia, Tes.,* 60 D.P.R. 596. En verdad, la serie de sucesos acaecidos en este caso demuestra que es la Comisión más bien que las cortes el sitio donde puede obtenerse una determinación rápida de tales casos. Creemos que el derecho de apelación ante la Comisión, junto al derecho a una decisión dentro de diez días, protege adecuadamente a la peticionaria.(4)

*La resolución de la corte de distrito será revocada y se dictará sentencia desestimando la petición.*

El Juez Asociado Sr. Todd, Jr., no intervino.

(4) *Cf.* los casos que resuelven que en ciertas clases de casos una resolución de suspensión temporal hecha sin notificación o audiencia es válida si va seguida de una vista en los méritos sobre la cuestión de suspensión permanente. Gellhorn, *Administrative Law, Cases and Comments,* págs. 379–82.