Jacinto Carvajal, peticionario y apelante, *v.* Comisión de la Policía Insular de Puerto Rico, demandada y apelada.

Núm. 9656.—*Sometido:* Mayo 3, 1948. *Resuelto:* Mayo 17, 1948.

*C. Andréu Ribas,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández y A. Torres Braschi, Procurador General Auxiliar,* abogados de la apelada.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En la sentencia dictada por el Tribunal de Distrito de San Juan en este caso hizo constar que los hechos aceptados de la petición enmendada y de la contestación, así como las admisiones hechas en la conferencia anterior al juicio (*pretrial conference*), son los siguientes:

"Que el 12 de septiembre de 1946 el peticionario radicó ante la Comisión de la Policía Insular de Puerto Rico una solicitud para que se le concediera una pensión por haber cumplido 61 años de edad, y haber servido durante más de 25 años en el servicio de la Policía Insular de Puerto Rico, a tenor con las disposiciones del artículo 3 de la Ley para Establecer el Retiro de los Miembros del Cuerpo de la Policía Insular, de fecha 3 de mayo de 1931 (Compilación de los Estatutos Revisados y Códigos de Puerto Rico de 1941, página 634); que el día 9 de octubre de 1946, la Comisión

de la Policía Insular denegó la solicitud de pensión radicada por el peticionario; que el día 26 de octubre de 1946 el peticionario, a tenor con el artículo 12 de la Ley para Establecer el Retiro de los Miembros del Cuerpo de la Policía Insular, de 3 de mayo de 1931, apeló ante el Gobernador de Puerto Rico de la resolución de la Comisión de la Policía Insular, que denegaba la solicitud de pensión; que el Gobernador de Puerto Rico anuló la resolución de 9 de octubre de 1946 de la Comisión de la Policía Insular de Puerto Rico, y devolvió el caso a la Comisión de la Policía Insular para que celebrara una audiencia pública donde el peticionario tuviera la oportunidad de presentar prueba o de hacer las alegaciones de derecho pertinentes ante dicha Comisión; que el día 25 de marzo de 1947, la Comisión de la Policía Insular, después de oír al peticionario, ratificó su primera resolución y volvió a denegar la solicitud del peticionario, por entender que a la fecha que hizo su solicitud el peticionario no era un miembro de la Policía Insular, ya que con anterioridad a dicha solicitud había sido suspendido de empleo y sueldo y con posterioridad a la solicitud de pensión había sido expulsado del Cuerpo de la Policía Insular de Puerto Rico; que de esta segunda resolución de la Comisión de la Policía Insular, con fecha 25 de marzo de 1947, el peticionario no apeló ante el Gobernador de Puerto Rico, y sí recurrió directamente ante este tribunal en una solicitud de mandamus.''

En su contestación a la petición enmendada la Comisión demandada alegó, como defensa especial, que la corte inferior carecía de jurisdicción para conocer de esta acción por no haber el peticionario agotado la vía administrativa apelando ante el Gobernador de la segunda resolución dictada por la Comisión el 25 de marzo de 1947. La corte declaró con lugar esta defensa especial y dictó sentencia declarando sin lugar la petición enmendada. El peticionario apeló y en este recurso alega que la corte sentenciadora erró al desestimar la petición por el motivo antes expuesto.

La sección 12 de la Ley núm. 70 para establecer el retiro de los miembros del Cuerpo de la Policía Insular, aprobada el 3 de mayo de 1931 (Compilación Estatutos y Códigos de 1941, pág. 634–636), dispone, en lo pertinente,

que "Una apelación al Gobernador descansará(¹) en cual-
quier acción u orden final de la Comisión de la Policía In-
sular afectando los derechos o intereses de cualquier per-
sona o de Puerto Rico bajo esta Ley."

En el caso de *Nieves* v. *Lutz,* 45 D.P.R. 637, al interpre-
tar la sección 9 de la Ley disponiendo la Organización, Re-
glamentación y Gobierno de la Policía Insular de Puerto
Rico, aprobada el 12 de marzo de 1908 (Comp. 1941, pág.
628-9), y en la cual se dispone que "Todos los licenciamien-
tos, separaciones y degradaciones de sargentos, cabos y
guardias, se harán por la Comisión de la Policía Insular,
cuando a su juicio las circunstancias lo justificaren, pero
contra la resolución que a tal efecto adoptare la Comisión
de la Policía Insular, *podrán* los perjudicados acudir en al-
zada ante el Gobernador, quien podrá revocar o confirmar
dicha resolución" (bastardillas nuestras), resolvimos que no
procedía expedir un auto de *mandamus* contra la Comisión
sin que antes se hubiera agotado la vía administrativa ape-
lando de la resolución de la Comisión para ante el Goberna-
dor.

Este caso es aplicable al de autos. En la sección 12, su-
pra, si bien en el texto español se usa la palabra "descan-
sará", es obvio que constituye un error de traducción del
texto inglés que usa la frase "shall lie", al referirse a la
apelación ante el Gobernador, lo que indica que es manda-
torio cumplir con el requisito administrativo allí provisto.
Es de notarse que en la sección 9, supra, interpretada en el
caso de *Nieves* v. *Lutz,* supra, se usa la palabra "podrán"
y resolvimos que debía agotarse la vía administrativa antes
de acudir a las cortes.

■■ Arguye el apelante que una segunda apelación ante
el Gobernador sería algo fútil y una pérdida de tiempo. No
tiene razón. Si el Gobernador atendió la primera apelación

---

(¹)El texto en inglés dice ". . . Shall lie from any action or final
order. . . ."

que hizo el peticionario contra la resolución original de la Comisión de la Policía Insular y devolvió el caso para la celebración de una nueva vista, no está autorizado el apelante a suponer cuál habrá de ser la resolución del Gobernador al apelarse ante él de la segunda resolución dictada por la Comisión. Además, siendo la apelación un requisito de ley, no puede el apelante prescindir de él e invocar la jurisdicción original de las cortes en una acción de mandamus claramente improcedente. Reiteradas veces hemos resuelto que debe agotarse la vía administrativa provista por ley antes de acudir a las cortes. *Rivas v. Consejo Ejecutivo et al.*, 16 D.P.R. 670; *Pérez Marchand v. Garrido, Comisionado*, 48 D.P.R. 457; *Peña v. Flores*, 58 D.P.R. 772.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. de Jesús no intervino.