Mario Luis Mercado, demandante y apelante, *v.* Comisión Hípica Insular, etc., demandados y apelados.

Núm. 9975.—*Sometido:* Enero 18, 1950. *Resuelto:* Mayo 15, 1950.

*Pedro M. Porrata* y *Charles Cuprill,* abogados del apelante; *Diego O. Marrero,* abogado de los apelados.

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

El apelante es dueño de un caballo de carreras nombrado Inquietus el cual tomó parte en una de las carreras celebradas en el Hipódromo Quintana el 18 de julio de 1948 y la que culminó en un empate entre ese ejemplar y el nombrado Wise Admiral. El jurado *motu proprio* y sin practicar investigación alguna, suspendió al caballo Inquietus por un período de tres meses, privándole además de su par-

ticipación en el primer premio, por entender que había corrido inconsistentemente.(¹)

El apelante recurrió al Tribunal de Distrito de San Juan con una petición de *injunction* contra el Jurado y contra la Comisión Hípica Insular alegando que la decisión del Jurado era nula, entre otros motivos, por no habérsele dado oportunidad de ser oído. Denegada su petición de injunction, interpuso el presente recurso.

■■■ Los apelados admiten que no se dió al apelante oportunidad de ser oído, pero sostienen que actuaron en conformidad con el artículo 250 del Reglamento de la Comisión Hípica Insular y que no es de aplicación el artículo 96(*h*) del mismo Reglamento.(²) Basan su tesis en que de conformidad con el artículo 250, el jurado actúa por su propia observación comparando la actuación del caballo en la carrera con sus actuaciones anteriores; mientras que el artículo 96(*h*) se refiere a casos en que la investigación se contrae a hechos de los cuales el jurado adquiere conocimiento por conducto de otra persona, ya que el citado artículo alude a una investigación de "hechos denunciados".

En el caso de *Hernández* v. *Comisión Hípica*, 50 D.P.R. 100, este Tribunal interpretó el artículo 96(*h*) en el sentido de que èl requisito de dar una oportunidad al· querellado de ser oído en su defensa, se aplica también a situaciones en que el jurado por su propia observación viene en conocimiento de los hechos. En dicho caso el jurado sospechó que un *jockey* había actuado irregularmente en dos carreras cele-

---

(¹) El artículo 250 del Reglamento de la Comisión Hípica Insular prescribe:

"Cuando en una carrera y por comparación de las demostraciones anteriores el Jurado considere que un caballo viene corriendo inconsistentemente, podrá suspenderlo por un período de no menos de cuatro (4) semanas."

(²) El artículo 96(*h*) del Reglamento de la Comisión Hípica Insular prescribe:

"Antes de imponer castigo alguno, deberá practicar, hasta donde sea posible, una investigación de los hechos denunciados, tomando todas las declaraciones bajo juramento y dando la oportunidad al querellado de ser oído en su defensa."

bradas el mismo día. En una de ellas lo exoneró y en cuanto a la otra, luego de deliberar, lo suspendió por ocho semanas sin haberle oído. Este Tribunal, al confirmar la sentencia que decretó un auto de injunction para impedir la ejecución de la decisión del jurado, se basó en que el jockey no había tenido la oportunidad de ser oído en su defensa. Y posteriormente, en *Cruz* v. *Comisión Hípica*, 65 D.P.R. 749, 750, dijimos:

"Es cierto que en *Maldonado* v. *Comisión Hípica,* 64 D.P.R. 503, *Sifre* v. *Pellón, Juez,* 54 D.P.R. 587, *Hernández* v. *Comisión Hípica Insular,* 50 D.P.R. 100 y *Romany* v. *Jurado del Hipódromo Quintana,* 55 D.P.R. 325, resolvimos que bajo las circunstancias de dichos casos deben concederse los injunctions cuando el Jurado impone penalidades sin conceder una vista de acuerdo con la Regla 96(*h*). Pero dichos casos envolvían más que la negativa de una vista: las decisiones del Jurado no eran apelables. En su consecuencia, a menos que una corte de equidad interviniera, las partes perjudicadas no tenían manera de obtener la revisión de la decisión del Jurado."

En el presente caso tampoco era apelable la decisión del jurado con arreglo al artículo 18 de la Ley Hípica. Siendo ello así, el apelante no tiene medios de revisar la decisión del jurado si no se le concede el injunction solicitado.

■ Finalmente, arguyen los apelados que el apelante no agotó lo que ellos llaman el remedio administrativo provisto en el artículo 97 del Reglamento que dice:

"El Jurado es el único Juez de las carreras. Todas las quejas a que éstas pudieran dar lugar, serán presentadas a dicho organismo, por conducto de su Presidente, inmediatamente después de ocurrido el hecho que motiva la queja."

Como podrá verse, el transcrito artículo se refiere a quejas interesando que el jurado actúe contra infracciones de la ley, pero no a solicitudes de reconsideración, que no a otra cosa equivaldría solicitar que se deje sin efecto la decisión para que se les dé una oportunidad de ser oídos.

*Procede la revocación de la resolución y en su lugar dictar otra decretando el injunction solicitado.*