ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| ABRAHAM RODRIGUEZ CINTRON<br><br>Apelante<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Apelada | **TA2025AP00414** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Guayama<br><br>Civil Núm. GM2025CV00588<br><br>Sobre:<br>*Mandamus* |
| --- | --- | --- |

Panel integrado por su presidenta la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2025.

Comparece ante este foro el Sr. Abraham Rodríguez Cintrón (señor Rodríguez o "el apelante"), por derecho propio y en forma *pauperis*, mediante un recurso intitulado *Mandamus.* En lo pertinente, nos solicita nuestra intervención a los fines de que revisemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, notificada el 21 de septiembre de 2025. En el referido dictamen, el foro primario desestimó la demanda instada por el apelante.

Por los fundamentos que expondremos a continuación, **CONFIRMAMOS** el dictamen apelado.

### I.

Según surge del expediente, el 15 de enero de 2025, el señor Rodríguez presentó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos (DRA o "parte recurrida"). Mediante esta, solicitó fuera evaluado su caso por entender que le era aplicable los beneficios de la Ley Núm. 66-2022.

El 20 de febrero de 2025, la DRA emitió una *Respuesta del Área Concernida/Superintendente*. En esta, le indicaban

que había cumplido el mínimo de su sentencia el 24 de febrero de 2018, sin embargo, que cumplirá el máximo el 14 de junio de 2033.

En desacuerdo, el 30 de abril de 2025, el señor Rodríguez presentó una *Solicitud de Reconsideración*. En esencia, esbozó que no había solicitado copia de su hoja de liquidación de sentencia, sino la aplicación de las reducciones y bonificaciones de sentencia conforme dispone la Ley Núm. 66-2022.

El 21 de mayo de 2025, la DRA emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional*, en la cual denegó la petición de reconsideración. Sin embargo, indicaron que los beneficios solicitados bajo la Ley Núm. 66-2022, iban dirigidos a personas que se estaban beneficiando del privilegio de libertad bajo palabra.

Posteriormente, el 16 de julio de 2025, el apelante presentó un "*Mandamus*" ante el Tribunal de Primera Instancia, Sala Superior de Guayama. Alegó que había radicado dos *Remedios Administrativos* ante el Departamento de Corrección y Rehabilitación (DCR) para que le fuera aplicada la Ley Núm. 66-2022, sin embargo, que no había tenido respuesta de sus solicitudes. Por ello, solicitó la reducción de sentencia.

El 21 de agosto de 2025, el foro primario notificó una *Sentencia*. Mediante esta, desestimó la demanda por carecer de jurisdicción para atender el asunto en sus méritos. Concluyó que, el DCR es quien ostentaba la jurisdicción primaria para adjudicar las quejas presentadas por los miembros de la población correccional. Añadió que, el 21 de mayo de 2015, el DCR había atendido su moción, por lo que, tuvo un término de 30 días para solicitar una revisión judicial ante el Tribunal de Apelaciones.

En desacuerdo, el 3 de octubre de 2025, el señor Rodríguez presentó el recurso ante nuestra consideración. Aun cuando no esbozó un señalamiento de error en específico, nos solicitó nuestra intervención para que examináramos la *Sentencia* apelada.

El 7 de octubre de 2025, emitimos una *Resolución* concediéndole a la parte apelada el término dispuesto en nuestro Reglamento, según enmendado, para que se expresara.

Así las cosas, el 30 de octubre de 2025, el Gobierno de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico, presentó su *Alegato en Oposición*.

Contando con la comparecencia de las partes, procedemos a atender el recurso de epígrafe. Veamos.

**II.**

**-A-**

"La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias." *RB Power, Inc. v. Junta de Subastas de la ASG PR*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions, LLC. v. Mun. de Yabucoa*, 210 DPR 384 (2022). Por ello, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions, LLC. v. Mun. de Yabucoa*, supra, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, supra; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, nuestro Tribunal Supremo ha enfatizado consistentemente que la falta de jurisdicción trae consigo las siguientes consecuencias:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente

conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *MCS Advantage, Inc. v. Fossas Blanco y otros,* 211 DPR 135 (2023); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino,* 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA,* 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172 DPR 216 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003*); Autoridad Sobre Hogares v. Sagastivelza*, 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage, Inc. v. Fossas Blanco y otros*, supra; *González Santos v. Bourns PR, Inc.,* 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable*. SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. ARPE*, 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 264 (2018); *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser celosos guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et al. v. RF Mortgage*

*and Investment Corp.*, 182 DPR 86 (2011); *SLG Szendrey-Ramos v. F. Castillo*, supra.

**-B-**

La Sección 3.15 de la Ley Núm. 38-2017, según enmendada, conocida como la *Ley de Procedimiento Administrativo del Gobierno de Puerto Rico*, 3 LPRA sec. 9655 (LPAU) establece lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. […].

Por su parte, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, contempla la revisión judicial de las decisiones administrativas finales ante este Tribunal y establece lo siguiente:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

Dicho término de treinta (30) días para solicitar la revisión judicial ante este Foro es uno jurisdiccional, es decir, es improrrogable, fatal e insubsanable, y, por ende,

no puede acortarse y tampoco es susceptible de extenderse. *Assoc. Condomines v. Meadows Dev.*, 190 DPR 843, 847 (2014).

-C-

El auto de *mandamus* constituye un recurso de carácter altamente privilegiado. Este se dirige a una persona natural, corporación o a un tribunal de inferior jerarquía, con el fin de requerirle el cumplimiento de algún acto que esté dentro de sus atribuciones o deberes. Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421; *Aponte Rosario v. Presidente Comisión Estatal de Elecciones*, 205 DPR 407, 427-429 (2020); *AMPR v. Srio. Educación, ELA*, 178 DPR 253, pág. 263-264 (2010); *Acevedo Vilá v. Aponte Hernández*, 168 DPR 443, 454 (2006); *Báez Galib y otros v. CEE II*, 152 DPR 382, 391-392 (2000). Dicho recurso no otorga autoridad adicional, y la parte a quien obliga deberá tener la facultad de poder cumplirlo. Art. 649 del Código de Enjuiciamiento Civil, *supra*.

En particular, el *mandamus* procede únicamente cuando el peticionario carece de "un recurso adecuado y eficaz en el curso ordinario de la ley". Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; *Aponte Rosario v. Presidente Comisión Estatal de Elecciones,* supra, pág. 428. En otras palabras, el propósito del auto no es sustituir los remedios legales existentes, "sino suplir a falta de ellos. Por ejemplo, cuando el peticionario tiene a su disposición el recurso de apelación no procede el *mandamus*". R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 853; citando a *Hernández Agosto v. Romero Barceló*, 112 DPR 407, 418 (1982); *Espina v. Calderón, Juez Superior*, 75 DPR 76 (1953); *Peña v. Flores de Ordoñez*, 58 DPR 772 (1941).

Asimismo, el acto requerido debe constituir un deber ministerial, es decir, uno que no conlleve el ejercicio de

discreción por parte de la autoridad requerida. *Báez Galib y otros v. CEE II,* supra, págs. 403-404. Véase, además: D. Rivé Rivera, *Recursos Extraordinarios*, 2da ed., San Juan, Ed. UIA, 1996, pág. 107. Así pues, "el requisito fundamental para expedir el recurso de *mandamus* reside, pues, en la constancia de un deber claramente definido que debe ser ejecutado. Es decir, 'la ley no sólo debe autorizar, sino exigir la acción requerida'". *AMPR v. Srio. Educación, ELA,* supra, págs. 263-264. Por ello, la persona perjudicada por la falta de cumplimiento de dicho deber está facultada para solicitar el recurso. *Íd.*

### III.

En el caso de autos, el señor Rodríguez solicitó que revisáramos la *Sentencia* emitida por el Tribunal de Primera Instancia, notificada el 21 de agosto de 2025. En esta, había solicitado se redujera su sentencia, dado que le aplicaban los beneficios de la Ley Núm. 66-2022.

Por su parte, el DCR, en esencia, menciona que el apelante debió recurrir ante este Foro apelativo, una vez le fue notificada la respuesta de reconsideración y no solicitar la intervención del foro primario.

Según surge del expediente, el 30 de abril de 2025, el apelante presentó una *Solicitud de Reconsideración*, la cual fue denegada por la DRA el 21 de mayo de 2025. El señor Rodríguez tenía hasta el 20 de junio de 2025, para presentar un recurso de revisión administrativa ante este Tribunal de Apelaciones. Sin embargo, y aun insatisfecho, el 30 de junio de 2025, presentó una demanda de *Mandamus* contra el DCR ante el Tribunal de Primera Instancia. No obstante, el foro primario dictó *Sentencia* desestimando la acción por falta de jurisdicción.

Conforme a la normativa antes expuesta, una demanda de *Mandamus* es altamente privilegiada, la cual solo

procedería cuando la parte no tiene un recurso adecuado y eficaz en el curso ordinario de la ley. Art. 651 del Código de Enjuiciamiento Civil, *supra*. En este sentido, en aquellos casos en que la parte tiene a su disposición el recurso de apelación, no procede acudir al *Mandamus* como remedio extraordinario. R. Hernández Colón, Derecho Procesal Civil, *supra*.

De otra parte, el apelante inició la petición que dio origen a este pleito ante una agencia administrativa, la División de Remedios Administrativos del DCR, el cual está regulado por el *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional*, Reglamento Núm. 8583 de 4 de mayo de 2015. La Regla XIV del precitado reglamento dispone que, si algún miembro de la población correccional esta inconforme con la respuesta recibida por la agencia, entonces podría "solicitar la revisión, mediante escrito de Reconsideración ante el Coordinador dentro de un término de veinte (20) días calendario, contados a partir del recibo de la notificación de la respuesta". Por lo tanto, si el miembro de la población correccional no estuviera de acuerdo con la respuesta de la reconsideración, entonces recurriría de dicha determinación ante este Foro mediante una revisión judicial, dentro del término de 30 días contados a partir de la fecha del archivo en autos de la copia de la notificación de la resolución de la agencia. Regla XV del Reglamento Núm. 8583.

Por consiguiente, no incidió el foro primario al desestimar el caso. El señor Rodríguez debió acudir ante este Foro apelativo en el término de treinta (30) días, una vez agotara los esfuerzos administrativos. Por lo que, el foro primario no tenía jurisdicción para intervenir con el trámite administrativo inconcluso.

### IV.

Por los fundamentos antes expuestos, **CONFIRMAMOS** la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones